(Reap. Dec. 8245)

T. W. HOLT & Co. *v.* UNITED STATES

Entry No. 31, etc.

(Decided July 30, 1953)

*John F. Kavanagh* for the plaintiff.

*Warren E. Burger*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto that the merchandise covered by the appeals to reappraisement set forth in Schedule A hereto attached and made a part hereof, consists of canned corned beef imported from Argentina;

That the issues involved in said appeals to reappraisement are similar in all material respects to the issues involved in *United States* v. *International Commercial Co., Inc.*, and *Armour & Co.*, Reappraisement Decision 8112.

IT IS FURTHER STIPULATED AND AGREED that the value or price, at the time of exportation of the involved merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of Argentine in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States, was eleven ($11.00) dollars per case of 48 tins of 12 ounces each, f. o. b. Buenos Aires, less 9.4% for nondutiable charges.

IT IS FURTHER STIPULATED AND AGREED that on or about the date of exportation of the merchandise here involved, such or similar merchandise was not freely offered for sale for home consumption in Argentina.

IT IS FURTHER STIPULATED AND AGREED that the record in *United States* v. *International Commercial Co., Inc.* and *Armour & Co.*, Reappraisement Decision 8112, be incorporated in the record in the reappraisement appeals set forth in the attached schedule of cases, which are submitted for decision on this stipulation.

IT IS FURTHER STIPULATED AND AGREED that the appeals are abandoned as to any other merchandise listed on the invoices in any of these appeals for reappraisement.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the canned corned beef here involved, and that such value was $11 per case of 48 tins of 12 ounces each, f. o. b. Buenos Aires, less 9.4 per centum for nondutiable charges.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.